UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
UNITED STATES OF AMERICA,         :         CASE NO. 1:11-CR-257
                                              :
                    Plaintiff,                :
                                              :
vs.                                           :         ORDER AND OPINION
                                              :         [Resolving Doc. No. 31]
KAREN A. ANDERSON-BAGSHAW,    :
                                              :
                    Defendant.                :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Before the Court is Defendant Karen A. Anderson-Bagshaw's motion for a bill of particulars.

[Doc. 31.]  The Government opposes Bagshaw's motion. [Doc. 35.]  For the following reasons, the

Court **DENIES** Defendant Bagshaw's motion for a bill of particulars.

## I.  Background

       The United States filed a twenty-one count indictment against Defendant Bagshaw on June

9, 2011.  [Doc. 3.]   The indictment charges Bagshaw with the submission of false documents to

procure workers' compensation benefits in violation of 18 U.S.C. § 1341 (Count 1); false statements

in connection with an application for benefits in violation of 18 U.S.C. § 1920 (Counts 2-16); and

false statements to federal law enforcement agents in violation of 18 U.S.C. § 1001 (Counts 17-21).

       Defendant Bagshaw says that the criminal activity charged in Counts Two, Three, Four, and

Five is insufficiently specifically described to enable her to prepare an effective defense.  [Doc. 31.]

Case No. 1:11-CR-257
Gwin, J.

Each of those Counts contain the same language, alleging that Defendant Bagshaw "failed to disclose the extent of her work activities outside her federal job during the claimed period." [Doc. 3 at 4-5.] Defendant Bagshaw complains that the Government's indictment is impermissibly vague, leaving her "unable to identify the exact work activities" contemplated in Counts Two through Five, among the numerous business enterprises alleged throughout the indictment as part of the charged scheme to defraud the United States. [Doc. 31 at 3.] The Government responds that the indictment is more than adequately detailed, indicating the precise period in which the fraudulent omissions are charged, and further indicating throughout, and with specificity, the types of "work activity" left undisclosed. [Doc. 35 at 3-5.]

## II. Analysis

"The decision to order a bill of particulars is within the sound discretion of the trial court." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). In determining whether a bill of particulars is appropriate, the Court asks whether the indictment is sufficiently specific that a bill of particulars is unnecessary. *See United States v. Ridley*, 199 F. Supp. 2d 704, 707-08 (S.D. Ohio 2001) (denying the defendant's motion for a bill of particulars where the defendant's motion inappropriately sought a "detailed description of the Government's proof against him"); *see also United States v. Carter*, No. 96-5435, 1997 WL 528465, at *1-2 (6th Cir. Aug. 26, 1997), *cert. denied*, 522 U.S. 1083 (1998).

A bill of particulars is unnecessary in this case because the indictment is sufficiently specific. Defendant Bagshaw can readily "discern the nature of the charges pending against [her] or the time frame in which the alleged acts occurred." *United States v. Martin*, No. 86-1663, 1987 WL 38036, at *3 (6th Cir. Jul. 14, 1987). In each of the counts at issue here, the indictment indicates the precise

Case No. 1:11-CR-257
Gwin, J.

date on which the Defendant is alleged to have made a false statement.  [Doc. 3 at 4-5.]  It indicates the specific form on which the false statement was alleged to have been made.  *Id.*  And it explains that the charged falsehood derives from her alleged failure "to disclose the extent of her work activities outside her federal job" during the period claimed on the specified benefits form, EN-1032. *Id.*  Moreover, to the extent that "work activities outside of her federal job" is truly an unknowable parameter, the indictment helpfully supplies details elsewhere, as in Count 1, which references the EN-1032 form and charges her engagement with enterprises involving an alpaca farm and an essential oil company. [Doc. 3 at 2-3.]

Defendant Bagshaw says that the indictment does not enable her to determine which specific undisclosed enterprise, or enterprises (the Defendant herself lists several possible candidates) is alleged in a particular Count, or on what dates she is alleged, for example, to have attended alpacas. [Doc. 31 at 2-3.]  These complaints miss their mark, because the offense in question is an allegedly false statement, not alleged farm work with alpacas, and as to the *offense itself*, the Government has provided date, description, and details in each Count under scrutiny.  *United States v. Oliver*, 126 F. Supp. 2d 495, 497 (S.D. Ohio 2000) (a bill of particulars is unnecessary where the indictment includes the date and nature of the offense). To the extent that the Court must peer down the evidentiary ladder and forecast the likely nature of proof at trial, the Court observes that the Government has provided extensive discovery, supplied details elsewhere in the indictment, and the Defendant's own motion suggests that she is not only apprised of the nature of the evidence that will be introduced to demonstrate false claims on the benefits forms, but inappropriately seeks "a more detailed description of the Government's proof" against her.  *See Ridley*, 199 F.Supp. 2d at 708; *see also United States v. Wilson*, No. 96-6709, 1999 WL 71499, at *7-8 (6th Cir. Jan. 14, 1999)

Case No. 1:11-CR-257
Gwin, J.

(emphasizing the importance of common sense in determining whether a defendant is fairly apprised

of the charges against her).  Defendant Bagshaw has not demonstrated that the details sought are

essential to her defense or to avoid surprise, her preparation for trial will not be compromised by the

adequate level of detail provided in the indictment, and she has neither established nor faces a threat

of double jeopardy based on any alleged deficiencies in the indictment as it currently stands. *United*

*States v. Birmley,* 529 F.2d 103, 108 (6th Cir. 1976). The Motion for a Bill of Particulars is therefore

**DENIED**.

        IT IS SO ORDERED.


Dated: September 27, 2011                 *s/    James S. Gwin*_____
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE