UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
UNITED STATES OF AMERICA    :
                                              :   CASE NO. 1:11-CR-257
          Plaintiff,                       :
                                              :
vs.                                         :   OPINION & ORDER
                                              :   [Resolving Doc. No. 144]
KAREN A. ANDERSON-BAGSHAW  :
                                              :
          Defendant.                     :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Counsel for Karen A. Anderson-Bagshaw seeks a temporary furlough for her client, saying that Bagshaw's husband was badly injured in a motorcycle accident and is in a serious condition at a Cleveland hospital. Because the Bureau of Prisons, not this Court, has the authority to grant Bagshaw the requested emergency furlough, the motion is **DENIED**.

**I. Background**

Karen A. Anderson-Bagshaw was convicted of fraudulently receiving disability benefits from her former employer, the United States Postal Service, while managing an active alpaca farming business. She was sentenced on January 18, 2012 to a custodial term of one year and one day, with a report date of March 14, 2012. [Doc. 114.] She sought bond pending appeal and a delayed self-surrender date; both motions were denied. [Doc. 142.]

According to her appellate counsel, Bagshaw's husband was severely injured in a motorcycle accident on June 30, 2012, and faces pending serious surgeries. Counsel says his prospects are

Case No. 1:11-CR-257
Gwin, J.

uncertain. [Doc. 144.] Counsel seeks a temporary furlough to allow Bagshaw be with her husband and assist her mother, Jean Buby, who has become the caretaker for Bagshaw's schizophrenic son during her incarceration. *Id*.

## II.  Legal Standard

After imposing a custodial sentence, this Court has limited jurisdiction to modify the term of imprisonment. 18 U.S.C. § 3582(c) prohibits judicial modification except upon the Bureau of Prison's motion, post-sentencing corrections of error, reductions for substantial assistance, or where the sentencing range has been substantially lowered by the Sentencing Commission.

Instead, Congress has vested the authority to modify a commenced term of incarceration with the Bureau of Prisons (BOP).  The BOP "may release a prisoner from the place of his imprisonment for a limited period" if consistent with the purpose of sentencing, any pertinent policy statements from the Sentencing Commission, and the inmate's risk of flight. 18 U.S.C. § 3622.

## III.  Analysis

"The court may not modify a term of imprisonment once it has been imposed," and none of the statutory exceptions that would permit this Court to modify Bagshaw's sentence apply to her. 18 U.S.C. § 3582(c).  Her counsel does not direct the Court to any authority that avoids the jurisdictional and the statutory prohibition on post-imposition modification. *Id*.

Bagshaw's request should be directed instead to the BOP. "After a court has pronounced its sentence, a federal prisoner must address his requests regarding his confinement to the BOP or file a habeas petition." *United States v. Padilla*, No. CR 09-3598, 2012 WL 2175749, at *2 (D.N.M. May 31, 2012); *see also United States v. Premachandra*, No. 95-2871, 1996 WL 102567, at *1 (8th Cir. Mar. 8, 1996) ("18 U.S.C. § 3622 vests authority to grant medical

-2-

Case No. 1:11-CR-257
Gwin, J.

furloughs with the Bureau of Prisons (BOP), not the federal courts.") A BOP warden or acting warden may authorize a furlough for Bagshaw "to be present during a crisis in [her] immediate family," 28 C.F.R. § 570.33(b), and the denial of any request she may make is subject to administrative appeal. 28 C.F.R. § 570.37(c).

This Court, however, having imposed a custodial sentence and without an applicable exception to the prohibition on post-imposition judicial modification, 18 U.S.C. § 3582(c), lacks jurisdiction to intervene. See *United States v. Watson*, No. 2:07cr145, 2009 WL 1370915 (M.D. Ala. May 14, 2009) ("No language in the statute grants district courts the authority to order or approve a furlough request.").

For the foregoing reasons, Bagshaw's motion for emergency furlough is **DENIED**.

IT IS SO ORDERED.

Dated: July 3,2012          *s/ James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE